UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | EDCV 10-1002 CAS (OPx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | Y.G.; ET AL. v. RIVERSIDE UNIFIED SCHOOL DISTRICT; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Mojdeh Ghadiri, *guardian ad litem* | Jack Clarke | |

**Proceedings:** **DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT AND APPROVE THE SETTLEMENT ON BEHALF OF PLAINTIFF Y.G., A MINOR** (filed 03/20/12)

## I.   INTRODUCTION

On July 8, 2010, Y.G., a minor, by and through her mother and *guardian ad litem*, Mojdeh Ghadiri-Asli filed the instant action against the Riverside Unified School District ("RUSD"), a public entity, and Riverside Special Education Local Plan Area. On October 6, 2010, plaintiffs filed a first amended complaint ("FAC") alleging claims for violations of: (1) the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq.; (2) California Education Code § 56000 et seq.; (3) contract law/ California Civil Code §§ 1668 and 3513; (4) the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq.; (5) Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq.; (6) California Government Code § 11135; (7) the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq.; and (8) California Civil Code §§ 54 and 54.1.

On March 20, 2012, defendants filed a motion to enforce settlement agreement and to approve settlement on behalf of Y.G. Dkt. No. 64. No opposition has been filed. he Court heard oral argument on May 7, 2012.[1]  After considering the parties' arguments,

---

[1] Plaintiffs' counsel, the Disability Rights Legal Center ("DRLC") filed a motion to withdraw on April 5, 2012. The Court granted this motion in a separate order. See Dkt. No. 78. Because a non-attorney guardian for a minor may not proceed *pro se*, L.R. 83-2.10.3, the Court permitted Dr. Ghadiri 30 days to obtain new counsel and to oppose defendants' motion. The Court held a further hearing on defendants' motion to enforce the settlement agreement and to approve settlement on behalf of Y.G. on June 11, 2012.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-1002 CAS (OPx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | Y.G.; ET AL. v. RIVERSIDE UNIFIED SCHOOL DISTRICT; ET AL. | | |

the Court finds and concludes as follows.

## II.    BACKGROUND

Y.G. is a 13 year old student who has severe language and social behavior impairments. FAC ¶¶ 15, 21. She also has a visual perceptual deficit and has been diagnosed as being on the autism spectrum. FAC ¶¶ 15, 21. Y.G. is eligible for special education and related services under the IDEA and the California Education Code. FAC ¶ 15; see 20 U.S.C. § 1400 et seq.; Cal. Educ. Code § 56000 et seq. Dr. Mojdeh Ghadiri-Asli ("Dr. Ghadiri") is Y.G.'s mother and holder of Y.G.'s educational rights. FAC ¶ 16.

Plaintiffs' allegations arise out of a settlement agreement entered between RUSD and Dr. Ghadiri in 2009 in response to her demand that Y.G. be retained in the sixth grade for a second time, contrary to Y.G.'s Individualized Education Program ("IEP") team recommendation that Y.G be promoted to the seventh grade. Plaintiffs allege that defendants' use of settlement agreements to resolve disputes regarding the scope of special education services to be provided to students with disabilities circumvents the protections and rights afforded under special education laws" and that defendants "ambushed" Dr. Ghadiri with a "pre-drafted," "unconscionable contract of adhesion." See FAC ¶¶ 4–8. Defendants deny these allegations and contend that RUSD entered into the settlement agreement with Dr. Ghadiri to meet her demand that Y.G. be retained in the sixth grade.

Beginning in December of 2011, the parties engaged in a series of settlement discussions before Magistrate Judge Parada. In all, the parties participated in settlement conferences before Judge Parada on four separate occasions: December 16, 2011; January 20, 2012; February 8, 2012; and February 15, 2012. At the conclusion of the third settlement conference, the parties appeared to have reached an agreement as to the material terms of a settlement agreement. Judge Parada scheduled a further conference to allow Dr. Ghadiri time to consider the terms and the prospect of settlement.

---

At the hearing, Dr. Ghadiri confirmed that she was unable to find new counsel to represent her.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-1002 CAS (OPx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | Y.G.; ET AL. v. RIVERSIDE UNIFIED SCHOOL DISTRICT; ET AL. | | |

    The parties reconvened on February 15, 2012, at which time they reviewed the settlement terms with Judge Parada and confirmed that they understood and accepted the settlement terms. Judge Parada confirmed on the record that the parties had reached an agreement:

> The Court: All Right. We have a settlement. And what I want to do is go through the terms of the settlement, make sure that everybody understands that these are the terms and that they are acceptable and accepted by the parties.

Transcript of February 15, 2012 Settlement Conference at 4. Judge Parada then read the detailed terms of the settlement into the record, based on written submissions provided by the parties. Among the material terms read into the record were the following:

> [F]ull payment of $65,000 will be made by the district to plaintiffs to pay for or reimburse the cost of past and future qualifying special education services for the benefit of Y.G. . . . . [T]he settlement payment shall be disbursed within 60 days of approval by the school board . . . . Any balance of the settlement payment, . . . remaining at the earlier of Y.G.'s 22nd birthday, or Y.G.'s graduation date, which is deemed the termination date, shall be returned to the District . . . . Payment of the sum of $125,000 to Plaintiffs' counsel in full payment for all claims for attorneys' fees and costs in this matter . . . . The settlement resolves all disputes and issues between Plaintiffs and the District through September 3rd, 2012.

Id. at 4–9. The Court and the parties confirmed that the settlement would be subject to school board approval. Id. at 10. Finally, Judge Parada confirmed on the record that all parties and their counsel accept the settlement agreement:

> The Court: All right. Do you accept the terms of the settlement agreement again subject to the Board's approval as stated, Dr. Ghadiri?
> Dr. Ghadiri: Yes, your Honor.
> The Court: Ms. McGunigle?
> Ms. McGunigle: Yes, your Honor.
> The Court: Mr. Clarke, Mr. Holloway?
> Mr. Clarke: Yes.
> Mr. Holloway: Yes.
> The Court: And Mr. Walker?

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-1002 CAS (OPx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | Y.G.; ET AL. v. RIVERSIDE UNIFIED SCHOOL DISTRICT; ET AL. | | |

> Mr. Walker: Yes, your Honor.
> The Court: Okay. Very Good. I will report –
> The Clerk: Can I get the Doctor's answer?
> The Court: Do you –
> Dr. Ghadiri: Yes, your Honor.
> The Court: You accept the terms of the settlement agreement as stated, correct?
> Dr. Ghadiri: Yes.
> The Court: Okay. All right. I will report to Judge Snyder that we have a settlement agreement, and we anticipate the Rule 41 stipulation being filed hopefully within the next - - within the next 90 days. So, that resolves this matter.

Id. The School Board approved the settlement on February 21, 2012. On February 16, 2012, Judge Parada ordered the parties to submit a joint motion with the Court for approval of the settlement agreement made before him. Over the course of the next several days, the parties memorialized the settlement in a written agreement, which was approved by all counsel. On February 21, 2012 plaintiffs' counsel informed defendants that Dr. Ghadiri was refusing to sign the written agreement.

On February 24, 2012, February 28, 2012, and March 2, 2012, the parties convened with Judge Parada to facilitate execution of the settlement agreement, including having the recording of the February 15, 2012 hearing played back. Judge Parada's efforts were unsuccessful, and on March 2, 2012, Judge Parada issued an order referring the matter back to this Court, which states: "a settlement agreement was reached, placed on the record, and accepted by the parties" and now the parties report "that plaintiff no longer accepts the terms of the settlement agreement as placed on the record or as memorialized in writing." Declaration of Jack Clarke; Ex. D.

### III. LEGAL STANDARD

Courts have the inherent authority to enforce settlement agreements between parties in pending cases. See City Equities Anaheim, Ltd v. Lincoln Plaza Dev. Co., 22 F.3d 954, 957 (9th Cir. 1994). Specifically, a court may enforce an oral agreement made in open court on the record, which recites the material terms of the agreement because this oral recitation itself is a binding agreement. See Doi v. Halekulani Corp., 276 F.3d 1131, 1134, 1138 (9th Cir. 2002). Such agreements are binding and enforceable "even if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-1002 CAS (OPx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | Y.G.; ET AL. v. RIVERSIDE UNIFIED SCHOOL DISTRICT; ET AL. | | |

party has a change of heart after he agreed to its terms but before the terms are reduced to writing." Id. at 1138.

Notwithstanding a court's authority to enforce a settlement that has been entered on the record and agreed to by the parties and their counsel, where a minor is involved, courts take special precaution before enforcing an agreement. Dacanay v. Mendoza, 573 F.2d 1075, 108 (9th Cir. 1978). Unless the court has approved the agreement, such approval including the court's independent evaluation of the fairness of the agreement to the minor, the settlement is vulnerable to repudiation by the minor, or, her *guardian ad litem*. Id. at 1079. However, the Ninth Circuit recognizes that a *guardian ad litem* may not "capriciously frustrate the efforts of the adversary . . . to negotiate a fair settlement." Id. at 1080. Therefore, the courts have the power to direct a settlement where a minor is involved upon he finding that the *guardian ad litem* "has acted arbitrarily and capriciously in the sense that his conduct is inimical to the best interests" of the minor. Id.; see also Estate of Escobedo v. City of Redwood, 2006 U.S. Dist. LEXIS 12457, at *2–3, 14–15 (N.D. Cal. 2006) (noting that repudiation was not in best interests of minor because minor was represented by experienced counsel at settlement hearing and justifications for repudiation did not bear on fairness of settlement). Whether or not a settlement is contested, the role of the court is to "evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). To this end, the court evaluates whether the settlement is fair and reasonable, in light of the facts of the case and the minor's specific claims. Id.; Gonzalez, Jr. v. United States, 2012 U.S. Dist. LEXIS 2015, *11–13 (E.D. Cal. 2012.).

## IV. DISCUSSION

Here, the facts indicate that the parties reached a complete agreement and that the parties agreed to its terms. Both parties, with the assistance of counsel and Judge Parada, had substantial time to understand and negotiate the terms of the agreement during multiple settlement conferences. Indeed, as described above, the transcript of the February 15, 2012 hearing clearly demonstrates that the parties understood and agreed to all of the material terms of the settlement. Furthermore, a review of the hearing transcript and the written agreement approved by counsel, demonstrate that the written agreement faithfully reflects the settlement reached in court. Compare Clarke Decl. Ex. A with Clarke Decl. Ex. B. The record therefore reflects a complete agreement between the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-1002 CAS (OPx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | Y.G.; ET AL. v. RIVERSIDE UNIFIED SCHOOL DISTRICT; ET AL. | | |

parties and their intent to be bound by its terms as discussed at the hearing before Judge Parada.

Further, the settlement terms demonstrate that the agreement is in the best interests of Y.G. The agreement provides for payment of $65,000 to be held in an account by Dr. Ghadiri to pay for and reimburse "qualifying special education services" for the benefit of Y.G. This represents a considerable sum, and is in addition to the continuing services that RUSD will provide to Y.G. The agreement also preserves Dr. Ghardir's ability to protect Y.G.'s rights in the future. Additionally, RUSD has agreed to implement and publicize new policies and procedures governing settlements involving special education students. These policies will benefit Y.G. and the greater school community. Given these substantial benefits to Y.G., and risks associated with pursuing the case on the merits, the Court finds the settlement to be in Y.G.'s best interests. Further, the Court notes that no new facts or legal arguments have been raised to justify Dr. Ghadiri's repudiation of the settlement agreement. Dr. Ghadiri's behavior therefore, can fairly be described as arbitrary and capricious.

Because the record demonstrates that a binding settlement was reached between the parties and because the terms of the settlement are in the best interest of Y.G., the Court finds that it is appropriate to enforce the settlement agreement.

The Court denies defendants' request for attorneys' fees and costs.

## V. CONCLUSION

In accordance with the foregoing, the Court GRANTS defendants' motion to enforce settlement agreement and to approve the settlement on behalf of Y.G. The Court DENIES defendants' request for attorneys' fees and costs.

IT IS SO ORDERED.

|  | 00 | : | 04 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |